IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GILBERT GALAN, JR. | § | |
|   *Plaintiff* | § | |
| | § | Civil Action: 2:17-cv-256 |
| v | § | |
| | § | JURY TRIAL DEMANDED |
| VALERO SERVICES, INC. and | § | |
| VALERO ENERGY CORPORATION, | § | |
|   *Defendants.* | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Gilbert Galan, Jr., and files this Original Complaint against Valero Services, Inc. and Valero Energy Corporation, Defendants, and in support thereof would respectfully show the Court the following.

### I. NATURE OF THE SUIT

1. In this action, Plaintiff is alleging violations of The Fair Labor Standards Act [Hereinafter FLSA].

2. Defendants violated the FLSA by failing to pay Plaintiff, a nonexempt employee, for time worked and for failure to pay overtime for all hours worked in excess of forty-hours (40) per each seven-day (7) workweek.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action by reason of 29 U.S.C. §216(b) and 28 U.S.C. §1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b,c) because the acts complaint of primarily occurred within the geographical boundaries of the United States District Court for the Southern District of Texas, Corpus Christi Division. All of the events or omissions giving rise to this claim occurred in this district.

## III. PARTIES

5. Plaintiff, Gilbert Galan, Jr., [Hereinafter Plaintiff] is a resident of Nueces County, Texas and was employed by Defendant within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties Plaintiff was engaged in commerce or in the production of goods for commerce. Plaintiff worked hours and was not paid. Also, Plaintiff worked in excess of forty-hours (40) per week. However, Plaintiff did not receive overtime pay for all hours worked in excess of forty hours (40) as required by the FLSA.

6. Defendant, Valero Services, Inc. is a business primarily engaged in the manufacturer and marketing of transportation fuels, other petrochemical products, and power. Defendant does business in Corpus Christi and Nueces County, Texas. Service will be attempted by waiver as allowed by FRCP 4. If Defendant refuses service by waiver, service will be accomplished by serving Defendant's registered agent: C T Corporation system, 1999 Bryan ST., Ste. 900, Dallas, TX 75201.

7. Defendant, Valero Energy Corporation is a business primarily engaged in the manufacturer and marketing of transportation fuels, other petrochemical products, and power. Defendant does business in Corpus Christi and Nueces County, Texas. Service will be attempted by waiver as allowed by FRCP 4. If Defendant refuses service by waiver, service will be accomplished by serving Defendant's registered agent: C T Corporation system, 1999 Bryan ST., Ste. 900, Dallas, TX 75201.

8. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that either Defendants or their officers, directors, vice principles, agents, servant or employees committed such acts or omission and that at the time such act and or omissions were committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of the

Defendant and its officers, directors, vice-principles, agents servants or employees.

## IV. FACTS

9. Defendant hired Plaintiff in or about March 1994. Plaintiff was paid on a bi-weekly basis. Plaintiff held the position of Tech VI for the last 3 years of his employment. Plaintiff worked for Defendants until on or about January 27, 2017.

10. Plaintiff's regular rate of pay was between $34.74 and $36.24 per hour.

11. Plaintiff worked additional hours in excess of forty hours (40) a week during a seven-day workweek and he did not receive overtime compensation for all of these hours as required by the FLSA.

12. Defendant gave Plaintiff a pre-printed time sheet with the hours already on it to sign. These hours did not reflect the actual hours worked by Plaintiff. Defendant also had a card system that employees were required to swipe as they started and ended their work day. The card system shows the actual hours worked, not the pre-printed time sheet. Defendants used the pre-printed time sheet to determine Plaintiff's pay instead of the actual hours that he worked as evidenced by Defendant's card system.

13. Plaintiff was required to work "off the clock" while covering for other employees attending training meetings. Plaintiff was not paid for this time.

14. Plaintiff was docked for being late and was not paid for the hours he worked to make up for this time.

## V. CAUSES OF ACTION

### FLSA

**Defendant failed to properly compensate Plaintiff at his regular pay rate for all hours worked and failed to compensate Plaintiff at a rate of one and a half times his regular rate of pay for all hours worked in excess of forty-hours in a seven-day workweek in violation of the FLSA**

15. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 14.

16. On information and belief, Plaintiff was a non-exempt employee under the guidelines of the FLSA.

17. Defendants required Plaintiff to work off of the clock and not pay him his regular rate of pay for hours worked. This was a direct violation of the FLSA.

18. As a non-exempt employee, Plaintiff was legally entitled to be paid at one and one half times his "regular rate" for all hours worked in excess of forty hours during each seven-day workweek.  *See* 29 U.S.C. §207(a).

19. Defendants' practice of failing to pay proper compensation for all hours worked in excess of forty-hours (40) per week at one and one half times his respective regular rate for all hours worked in excess of forty-hours (40) was in direct violation of the FLSA.

20.  Plaintiff is entitled to payment for all hours and not paid and hours worked in excess of forty hours (40) in an amount that is at least one and one half times his regular rate of pay.

21. Plaintiff is entitled to liquidated damages as allowed by the FLSA as a result of Defendant's intentional failure to comply with the guidelines of the FLSA.

22. In accordance with the FLSA, Plaintiff also seeks recovery of his reasonable and necessary attorney's fees and cost incurred in and during the pursuit of this matter for trial as well as appeal.

23.     Plaintiff's consent to bring this action under the FLSA is attached hereto.

**Defendants failed to keep accurate records of time worked.**

24. Plaintiff, incorporates by reference all the allegations contained in paragraphs 1 through 14.

25. The FLSA requires employers to keep accurate records of hours worked by non-exempt employees.  See 29 U.S.C. §211(c).

26. In addition to the violations of the FLSA identified *supra*, Defendants also failed to keep proper time records as required by the FLSA.

### Defendants' illegal actions were a willful violation of the FLSA.

27. Plaintiff incorporates by reference all the allegations contained in paragraphs 1 through 14.

28. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate records are a direct violation of the FLSA.

29. There is no excuse on the part of Defendants for failing to pay Plaintiff his proper regular wages and overtime wages.

30. Defendants did not make a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding payment of overtime compensation to the Plaintiff.

### Jury Trial Requested

29. Plaintiff requests a trial by jury.

### PRAYER

WHEREFORE, Plaintiff respectfully request this Court:

   a. Declare Defendants' violations of the FLSA to be willful;
   b. Award Plaintiff unpaid regular rate and overtime compensation;
   c. Award Plaintiff an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;
   d. Enter an injunction restraining Defendants from destroying records;
   e. Enter an injunction restraining Defendants from altering records;
   f. Award attorneys' fees and costs both for this cause and any and all appeals as may be necessary;
   g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;
   h. Award pre-judgment and post-judgment interest as allowed by law;
   i. Award cost of court and cost of prosecuting Plaintiff's claim; and

      j.   Award such other and further relief to which Plaintiff is and maybe justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that after trial, the Court grant him all legal and equitable relief to which he has shown himself justly entitled and which has been set-out in herein.

                                          Respectfully submitted,

                                          By:   /s/ Gay E. Gilson
                                          Gay E. Gilson
                                          Law Office of Gay E. Gilson
                                          5525 S. Staples, Suite B3
                                          Corpus Christi, Texas 78411
                                          Email: gegilson@gilsonlaw.com
                                          Telephone: (361) 887-0552
                                          Facsimile: (361) 887-0554
                                          SBN 00784131
                                          Attorney-in-Charge for Plaintiff